*1304859*

Filed 1/26/2016 4:55:45 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

CAUSE NO. 16-01-78886-B

| | | |
|---|---|---|
| LAUGER COMPANIES, INC. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF VICTORIA COUNTY, TEXAS |
| | § | |
| MID-CONTINENT CASUALTY COMPANY | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, LAUGER COMPANIES, INC. (Lauger Companies), Plaintiff complaining of MID-CONTINENT CASUALTY COMPANY, Defendant, and files this its Original Petition, and in support of said pleading would respectfully show the Court the following:

### A. Discovery Control Plan

1. Discovery in this cause of action shall be conducted under Level 3 as defined by and pursuant to Rule 190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

### B. Parties

2. Plaintiff is a Texas corporation with it principal offices in Victoria County, Texas.

3. Defendant, MID-CONTINENT CASUALTY COMPANY (Mid-Continent, or Defendant), a domestic insurance carrier authorized to conduct the business of insurance in Texas, whose home office is in Tulsa, OK, may be served with process by serving its registered agent, Margaret A. Bounds, 3100 S. Gessner Road, Ste. 600, Houston, TX 77063, via certified mail, return receipt requested, delivery restricted to addressee only. Mid-Continent at all relevant times insured Cross Roads Industries, Inc. (Cross Roads) by Policy No. 04-GL-000837131.

4 Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendants' officers, agents, servants, employees, or representatives did such act or thing and

that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant, or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

### C. Venue

5. Venue is proper in Victoria County because all of the events or omissions giving rise to the claim occurred in Victoria County, Texas.

### D. Notice & Conditions Precedent

6. All prerequisites to the fullest recovery allowable to Plaintiff has occurred pursuant to TEXAS RULE OF CIVIL PROCEDURE 54.

### E. Facts

7. In October 2012, Lauger Companies purchased concrete from Cross Roads as part of the materials to be used by Lauger Companies in the construction of a building foundation for a client (MW Rentals). Lauger Companies excavated the site, did the dirt work, placed the forms, laid the re-bar, and laid out the anchor bolts. The final component of the foundation was the concrete provided by Cross Roads.

8. The concrete provided by Cross Roads was to be at least 3000 pounds per square inch strong. Shortly after the foundation was laid, testing was performed on concrete samples taken at the time the concrete was poured. The test results showed that the concrete foundation was structurally inadequate, because the concrete was not 3000 pounds per square inch strong.

9. The concrete provided by Cross Roads caused the entire foundation to fail, and Lauger Companies was forced to remove the entire foundation that it had built for MW Rentals. The defective concrete damaged, ruined and rendered useless all of the other component parts used in

the foundation. Therefore, Lauger Companies had to tear out all of the defective concrete and completely rebuild the foundation with all new components.

10. In connection with Cross Roads's provision of defective concrete, Lauger Companies sued Cross Roads in Texas state court for breaches of the Texas Deceptive Trade Practices Act, of contract, and of warranty, and for negligence. On October 9, 2015, the state court granted Lauger Companies' motion for summary judgment and entered a Final Judgment on these claims, awarding to Lauger Companies $162,009.14 in actual damages, plus other relief as specified in the Final Judgment (attached as Exhibit A).

11. Cross Roads's liability for the property damage recognized in the Final Judgment is covered at least in part by Mid-Continent's Policy No. 04-GL-000837131. Since that liability has been reduced to a Final Judgment, Lauger Companies has standing to assert Cross Roads's right to the benefits of the policy.

### F. Claim for Declaratory Judgment

12. Lauger Companies seeks a declaration, pursuant to the Uniform Declaratory Judgments Act, Section 37.001, *et seq.*, Texas Civil Practice and Remedies Code, that Cross Roads's liability to Lauger Companies is covered by Mid-Continent's Policy No. 04-GL-000837131.

### G. Claim for Breach of Contract

13. Mid-Continent's failure to indemnify Cross Roads, so that Cross Roads can pay to Lauger Companies the damages established in the Final Judgment, constitutes a breach of Mid-Continent's Policy No. 04-GL-000837131.

### H. Claim for Attorney's Fees

14. Lauger Companies is entitled to recover reasonable and necessary attorney fees under

Texas Business & Commerce Code section 17.50(d) and Chapter 38 of the Texas Civil Practice and Remedies Code.

### I. Demand for Jury

15. Plaintiff hereby demands a jury trial and has tendered the appropriate fee.

### J. Damages

16. Mid-Continent's conduct was a producing cause of the economic damages incurred by Lauger Companies.

17. Plaintiff seeks damages in an amount that is within the jurisdictional limits of the court.

18. As a result of Mid-Continent's actions, Lauger Companies seeks damages within the jurisdictional limits of this court of monetary relief over $200,000.00 but not more than $1,000,000.00, and demands judgment for all other relief to which Plaintiff is entitled.

### K. Prayer

WHEREFORE, PREMISES CONSIDERED, Lauger Companies requests that Mid-Continent be cited to appear and answer and that on final hearing Lauger Companies have judgment against Mid-Continent as follows:

a. Within the jurisdictional limits of this Court, together with pre-judgment interest as provided by law, and post-judgment, damages for all losses covered by Mid-Continent's Policy No. 04-GL-000837131;

b. Costs of suit;

c. Attorney fees; and

d. Such other and further relief to which Plaintiff may be justly entitled.

Exhibit (a) - Page 000004

Respectfully submitted,

MAREK, GRIFFIN & KNAUPP
P.O. Box 2329
Victoria, Texas 77902
(361) 573-5500 [Telephone]
(361) 573-5040 [Telecopier]

By:   /s/ David C. Griffin
      DAVID C. GRIFFIN
      State Bar No. 08456950
      ROBERT E. McKNIGHT, JR.
      State Bar No. 24051839

      ATTORNEYS FOR PLAINTIFF

9:14 FILED O'CLOCK AM

OCT 09 2015

CATHY STUART
DISTRICT CLERK

CAUSE NO. 13-4-74665-A

| | | |
|---|---|---|
| LAUGER COMPANIES, INC. | § | IN THE DISTRICT COURT OF VICTORIA COUNTY, TEXAS |
| | § | |
| VS. | § | OF VICTORIA COUNTY, TEXAS |
| | § | |
| CROSS ROADS INDUSTRIES, INC. | § | 24TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

On October 9, 2015, the Court, having conducted a hearing on Plaintiff's Traditional Motion for Summary Judgment, and having considered the record and the arguments of counsel, is of the view that Plaintiff's Traditional Motion for Summary Judgment should be, and is, hereby GRANTED.

All matters in controversy, legal and factual, between Plaintiff and Defendant were decided in Plaintiff's Traditional Motion for Summary Judgment.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff, LAUGER COMPANIES, INC. recover of and from Defendant, CROSS ROADS INDUSTRIES, INC. the sum of $162,009.14 for actual damages;

2. Plaintiff, LAUGER COMPANIES, INC. recover of and from Defendant, CROSS ROADS INDUSTRIES, INC. reasonable attorney's fees which the Court finds to be in the amount of $3,025.00; if the case is appealed to the Court of Appeals, an additional $15,000.00; and if the case is appealed to the Texas Supreme Court, an additional $10,000.00.

3. Plaintiff, LAUGER COMPANIES, INC. recover of and from Defendant, CROSS ROADS INDUSTRIES, INC. post-judgment interest thereon at the rate of five percent (5%) per annum from this date until paid.

4. Plaintiff, LAUGER COMPANIES, INC. recover of and from Defendant, CROSS



EXHIBIT
A

ROADS INDUSTRIES, INC. all costs of court, all of the above for which let execution issue.

This is a Final Judgment. All relief not granted herein is denied.

SIGNED this __9__ day of __Oct__, 2015.

JUDGE PRESIDING