# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **LAUGER COMPANIES, INC.,** | * | **CIVIL ACTION** |
| **Plaintiff,** | * | **No. 6:16-cv-00011** |
| | * | |
| **versus** | * | |
| | * | |
| **MID-CONTINENT CASUALTY CO.** | * | |
| **Defendant.** | * | **A JURY IS DEMANDED** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## LAUGER COMPANIES' MOTIONS
## FOR ATTORNEY'S FEES AND COSTS,
## AND OTHERWISE TO ALTER OR AMEND THE JUDGMENT

Lauger Companies moves for an award of fees and costs. It brings this motion under Fed. R. Civ. P. 54(d)(2) or, alternatively, if "the substantive law requires those fees to be proved at trial as an element of damages," *id.*, then Lauger moves under Fed. R. Civ. P. 59(e) for the Court to alter or amend the final judgment to award the fees Lauger requested earlier, as part of its motion for summary judgment (Doc. 31 at 15-16), plus a small amount of fees and costs accrued since that motion.

Lauger also moves under Rule 59(e) for the inclusion of three items of expenses the Court excluded when calculating Lauger's damages to be $78,652.52.

### A.      The Issue of Fees and Costs

Lauger's removed state-court petition sought attorney's fees and costs under TEX. CIV. PRAC. & REM. CODE Chapter 38. (Doc. 1-4 at 3, ¶ 14; *id.* at 4, §§ K.b. & K.c.)  More specifically, Lauger's claim arises under § 38.001(8), which allows for recovery of "reasonable attorney's fees ..., in addition to the amount of a valid claim and costs," if—as was the case here—the claim was based on "an oral or written contract."[1] Texas case law recognizes an insurer's breach of an insurance contract may give rise to liability under § 38.001(8).[2] Further, when a damaged party obtains a judgment against an insured, the damaged party becomes a third-party judgment creditor of the insurer whose policy covers the damage. "Third party judgment creditors step into the shoes of the insured, and are bound by the rights, duties, and obligations of the insured according to the terms of the

---

[1] Lauger also sought fees under TEX. BUS. & COM. CODE § 17.50(d). That provision allows fees and costs for prevailing in a claim under the Deceptive Trade Practices Act, which was not alleged against Mid-Continent. Therefore, Lauger does not base this motion on § 17.50(d).

Because Lauger has a statutory basis for recovering costs, it has dispensed with filing a Rule 54(d)(1) bill of costs for the narrow categories of costs that are listed in 28 U.S.C. § 1920.

[2] "We hold that in a policyholder's successful suit for breach of contract against an insurer that is subject to the provisions listed in section 38.006, the insurer is liable for reasonable attorney's fees incurred in pursuing the breach-of-contract action under section 38.001 unless the insurer is liable for attorney's fees under another statutory scheme." *Grapevine Excavation, Inc. v. Maryland Lloyds*, 35 S.W.3d 1, 5 (Tex. 2000).

insurance contract between the insurance company and the insured." *Huntington Operating Corp. v. Sybonney Exp., Inc.*, 2009 WL 2423811, at *2 (S.D. Tex. Aug. 3, 2009) (citing *P.G. Bell Co. v. U.S. Fid. & Guar. Co.*, 853 S.W.2d 187, 189 (Tex.App.-Corpus Christi 1993, no writ)). Therefore, Lauger can recover the fees and costs it has incurred since obtaining the state court's final judgment against CRI on October 29, 2015, to litigate Mid-Continent's coverage of the property damage.

Those fees and costs are detailed on Lauger's counsel's tabulations as of January 13, 2017 (when it filed the motion for summary judgment), and as of today.[3] They amount to the following:

|  | Fees | Costs |
|---|---|---|
| As of 1/13/17 | $17,887.50 | $1,250.28 |
| Since 1/13/17 | $5,985.00 | $1,730.95 |
| **Totals** | **$23,872.50** | **$2,981.23** |

Declarations from two other attorneys who practice in the Victoria legal market and who are familiar with hourly rates in that market are also attached in

---

[3] Lauger attaches to this motion the evidence it attached when it moved for summary judgment in January 2017 (i.e., the January 13, 2017 Declaration of David C. Griffin & attached invoice, now Exh. 1, and the January 13, 2017 Declaration of Robert E. McKnight, Jr., now Exh. 2), along with a new declaration from Mr. Griffin (Exh. 5) to account for fees and costs that accrued after submission of the motion for summary judgment.

support of the hourly rates that are claimed in this motion for the work of Lauger's counsel.[4]

Notably, the defendant raised no objection to Lauger's fees-and-costs evidence as submitted in the motion for summary judgment, and it raised no argument in opposition to Lauger's claim for fees and costs. Because Texas law applies in this diversity action, and entitles Lauger to fees and costs, the Court should award them, regardless of whether it chooses to grant the award under Rule 54(d), or under Rule 59(e).[5]

### B.   The Excluded Items

The Court's award of $78,652.52 is a reduction of $25,975.98 below the amount ($104,610.50) Lauger sought in its reply. (Doc. 33 at 14.[6]) In this motion

---

[4] Here, too, Lauger attaches to this motion the evidence it attached when it moved for summary judgment (i.e., the January 11, 2017 Declaration of Kevin D. Cullen, now Exh. 4, and the January 10, 2017 Declaration of David Roberts, now Exh. 3).

[5] "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[6] In light of the defendant's assertion of exclusion k ("your product"), Lauger agreed that of its original request for $158,046.14, $53,435.64 was connected with the replacement or repair of the faulty concrete, and was not recoverable from the defendant, consistently with *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 500 (Tex. 2008).

under Rule 59(e), Lauger contends the Court should not have excluded the

following categories of damages:

| | | |
|---|---|---|
| 1. | Core Drilling | $ 3,963.00 |
| 2. | Testing/Structural Engineering | $ 9,312.64 |
| 9. | Lab Testing | $ 4,894.00 |
| | **TOTAL** | **$18,169.64** |

(Doc. 31 at 7-8.)

First, the defendant did not oppose payment of these items in connection

with its exclusion-based argument (once it moved past its arguments that there was

no coverage at all); on the contrary, the only categories of damages it sought to

exclude under exclusion k ("your product") were #4 ("Demolition of Foundation")

which Lauger conceded was correct (*see supra* note 6), and #8 ("New Concrete

Foundation") which Lauger conceded was correct in part (again, *see supra* note 6).

(Doc. 32, Mid-Continent's Cross-Motion & Opposition, at 14-15.)  Because the

defendant did not assert an exclusion with respect to these categories of damages,

the Court should not have determined the defendant satisfied its affirmative

defense with respect to them, such that it could be relieved from paying for them.[7]

More fundamentally, it was an error to exclude these categories (and it was

an error that Lauger had no previous occasion to address, since the defendant did

---

[7] "If the insured proves coverage, then to avoid liability the insurer must prove the loss is within an exclusion." *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010).

not assert an exclusion to which Lauger could reply). In *Lennar Corp. v. Markel American Ins. Co.*, 413 S.W.3d 750 (Tex. 2013), the Texas Supreme Court held that costs incurred "'because of ... property damage,'" *id.* at 752—and the policy in this case contains the same language (Doc. 30 at 1)—include the costs of assessing the property damage: "Under no reasonable construction of the phrase can the cost of finding ... property damage in order to repair it not be considered to be 'because of' the damage." *Id.* at 757.

Furthermore, exclusion k does not apply (even if the defendant had asserted it) because the expenses in categories #1, #2, and #9 related *not just* to assessing the need to repair or replace the faulty concrete, but also to whether all the non-concrete components—components for which the Court has granted Lauger compensation—suffered property damage by reason of being embedded in, or built upon, the faulty concrete. In other words, the expenses in categories #1, #2, and #9 served, in part, the purpose of assessing property damage not excluded by exclusion k.

> It is a settled rule that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer, and especially so when dealing with exceptions and words of limitation.... When the language of a policy is susceptible of more than one reasonable construction, the courts will apply the construction which favors the insured and permits recovery.

*Kelly Assocs., Ltd. v. Aetna Cas. & Sur. Co.*, 681 S.W.2d 593, 596 (Tex. 1984)

(quoting *Ramsay v. Maryland American General Insurance Co.*, 533 S.W.2d 344,

349 (Tex.1976)). Therefore, the Court should not have excluded  the expenses in

categories #1, #2, and #9, and should add $18,169.64 in an amended final

judgment.

## Conclusion

The Court should award attorney's fees and costs in the amount of

$23,872.50 and $2,981.23, respectively, and $18,169.64 for the expenses in

categories #1, #2, and #9. Post-judgement interest is mandatory under 28 U.S.C.

§ 1961, and should also be added.

Respectfully submitted,

MAREK, GRIFFIN & KNAUPP

By: /s/ Robert E. McKnight, Jr.
      Robert E. McKnight, Jr.
      SBN 24051839
      David C. Griffin*
      SBN 08456950
      203 N. Liberty Street
      Victoria, Texas 77901
      Telephone: (361) 573-5500
      Facsimile: (361) 573-5040
      * Attorney in charge

Attorneys for Lauger Companies, Inc.

## **Certificate of Conference**

I certify that on August 16, 2017, I emailed a draft of the foregoing motion to counsel for defendant, and asked whether defendant consented to or objected to the relief requested in the motion. Counsel advised that defendant objected.

/s/ Robert E. McKnight, Jr.
Robert E. McKnight, Jr.


## **Certificate of Service**

I hereby certify that on August 16, 2017, I served the foregoing on the following through the Court's CM/ECF system:

R. Brent Cooper
brent.cooper@cooperscully.com
Robert J. Witmeyer
rob.witmeyer@cooperscully.com
Cooper & Scully, P.C.
Founders Square
900 Jackson Street, Suite 100
Dallas, TX   75202


/s/ Robert E. McKnight, Jr.
Robert E. McKnight, Jr.